# EXHIBIT A

IN THE SUPERIOR COURT FOR THE COUNTY OF RABUN

STATE OF GEORGIA

| | | |
|---|---|---|
| TALLULAH RIVER CO. INC., | * | CIVIL ACTION FILE NUMBER |
| AKA TALLULAH RIVER COMPANY, | * | 2014-CV-~~0105C~~ |
|     Plaintiff, | * | 0150·C |
| | * | |
| vs. | * | |
| | * | |
| NORTH GEORGIA MOUNTAIN | * | |
| INVESTMENT GROUP, LLC and | * | |
| TALLULAH RIVER MOUNTAIN | * | FILED IN OFFICE OF CLERK SUPERIOR COURT |
| RESORT, INC., and other | * | RABUN COUNTY, GEORGIA. THIS 24 DAY OF |
| Tenants in possession, | * | July, 20 17 |
|     Defendants, | * | |
| | * | HOLLY E. HENRY-PERRY  CLERK |
| vs. | * | |
| | * | |
| PATRICIA JACKSON AND RANDY | * | |
| JACKSON, | * | |
|     Third Party Defendants. | * | |

ORDER ON MOTIONS FOR SUMMARY JUDGMENT

The parties have filed cross motions for summary judgment, which interestingly were submitted on the same date, November 14, 2016. More specifically, Plaintiff Tallulah River Co., Inc. AKA Tallulah River Company ("Plaintiff TRC") and Third Party Defendants Patricia Jackson and Randy Jackson (Third Party Defendants") have filed a motion for summary judgment seeking summary judgment on Defendant North Georgia Mountain Investment Group ("Defendant NGMIG") and Defendant Robert Thomsen's ("Defendant Thomsen") claims for partitioning, fraud, negligent misrepresentation, breach of contract, quantum meruit, unjust

enrichment, specific performance, conversion, and wrongful foreclosure. Additionally, Defendants Thomsen and NGMIG seek dismissal or summary judgment on Plaintiff TRC's declaratory judgment action, summary judgment on their counter-claims for breach of contract and wrongful foreclosure.

## FINDINGS OF FACT

This case concerns real property located in Rabun County on the Tallulah River adjacent to U.S. Highway 441. The property is referred to throughout the action as the "Resort."

On or about June 2, 1987, the FDIC executed a foreclosure deed foreclosing upon 4,873/5,000 Undivided Interest ("UDIs") in the Resort. On or about February 28, 1989, the FDIC transferred 4,873/5,000 UDIs via quitclaim deed to B.B.S.G., Inc., a Georgia corporation. On or about May 31, 1989 Plaintiff TRC purchased 4,873/5,000 UDIs for the Resort. B.B.S.G., Inc., did not retain any security interest, any rights, any title, or any interest in the UDIs or to the Resort after Plaintiff TRC's purchase. Plaintiff TRC owned the Resort and all 4,873 UDIs free and clear.

On or about February 28, 1994, Plaintiff TRC filed a Declaration of Covenants ("1994 Covenants") wherein it was provided that Plaintiff TRC was the "Declarant" and "Developer" of the Resort. There is no recording where Plaintiff TRC has

released, waived, relinquished, or otherwise surrendered its rights as established in the Declaration of Covenants.

From 1994 through 1999, Plaintiff TRC managed the Resort, and sold UDIs. On or about April 4, 1999, Defendant Tallulah River Mountain Resort, Inc. ("Defendant TRMR") purchased the remaining UDIs from Plaintiff TRC pursuant to a purchase money security interest financing statement. Defendant TRMR obtained title to Plaintiff TRC's UDIs subject to the 1994 Covenants and the rights established in that document for the benefit of Plaintiff TRC. The purchase money secured transaction was owner financed by Plaintiff TRC. Defendants NGMIG and Thomsen were not parties to the transaction involving Plaintiff TRC and Defendant TRMR in 1999. Neither Plaintiff TRC nor Third Party Defendants made any representations to Defendants NGMIG or Thomsen concerning the transaction.

Plaintiff TRC retained a first priority purchase money security interest through a deed to secure debt from Defendant TRMR to Plaintiff TRC. In exchange, Plaintiff TRC conveyed a warranty deed to Defendant TRMR. Plaintiff TRC has never executed a release or subordination of the deed to secure debt held against Defendant TRMR's interest in the Resort. There was a scriveners's error concerning the amount of the UDIs reflected in the warranty deed and deed to secure debt between Plaintiff TRC and Defendant TRMR. The amount of UDIs that were to be

transferred was suppose to be 3,873 UDIs not 4,873 UDIs. Defendants NGMIG and Thomsen have never been legally obligated to Plaintiff TRC or Third Party Defendants for any debts since they did not assume any debts or liabilities of Defendant TRMR.

On or about December 1, 1999, Defendant TRMR filed a public offering statement ("POS") of record. The document ("1999 Covenants") was recorded after the deed to secure debt in favor of Plaintiff TRC. On or about September 1, 2001, Defendant TRMR and non-parties, Myron and Cecilia Smith, individually executed a promissory note in favor of Plaintiff TRC in the amount of $2,513,067.00 requiring regular monthly payments of $28,194.07. On or about November 1, 2001, Defendant TRMR agreed to and consented to a modification of the security deed reflecting that only 3,873 UDIs were held as security by Plaintiff TRC.

Defendant Thomsen began financing Defendant TRMR by purchasing paper. Defendant Thomsen described himself as an "angel investor." This financing took place without the involvement of Plaintiff TRC or Third Party Defendants.

In 2004, Defendant TRMR filed suit against Plaintiff TRC and Third Party Defendant Patricia Jackson to prevent foreclosure and included a breach of warranty concerning prior conveyances. The parties to that lawsuit reached an agreement ("Agreement") involving Plaintiff TRC, Defendant TRMR, Third Party Defendants, Defendant Thomsen, and non party Myron Smith and Defendant

Thomsen's then wife, Sheila Thomsen. The Agreement was announced in open Court and included, among other things, the following terms and conditions:

1. Defendant TRMR agreed to pay Plaintiff TRC $56,388.14 on or before August 12, 2004 to be applied to reduce the $2.3 million balance due from Defendant TRMR to Plaintiff TRC.

2. Defendant TRMR agreed to execute a new Promissory Note replacing the old Note in favor of Plaintiff TRC with a face value of $2.3 million plus interest that would accrue with the first payment on October 1, 2004 with interest continuing to accrue from the date of the settlement through the date of first payment. Interest would accrue over a period of Twenty (20) years, Two Hundred Forty (240) regular payments at the rate of Seven Percent (7%) per annum.

3. The new Promissory Note would be guaranteed by Myron Smith.

4. Plaintiff TRC agreed to cancel the old Promissory Note from September 1, 2001.

5. The new Promissory Note would be secured by the Resort and Defendant TRMR agreed to execute a modified security deed granting Plaintiff TRC a valid first lien upon recording. The security granted to Plaintiff TRC included the Real Estate and the UDIs.

6. The existing Deed to Secure Debt in favor of Plaintiff TRC was "agreed by all parties to the best of their knowledge to be a first lien on the described Real Estate" and would secure the new Promissory Note.

7. Defendant TRMR agreed to indemnify and hold harmless Plaintiff TRC and Third Party Defendants as to any debts and claims associated with the "HAAS Debt."

8. Myron Smith agreed to execute a Promissory Note to Third Party Defendants Jackson in the amount of Ninety six Thousand Dollars ($96,000.00) secured

      by Real Estate in Green County at a rate of Eight Percent (8%) interest with equal monthly payments over a period of Ten (10) years.

9. In exchange for Mr. Myron Smith's agreement to assume the "HAAS Debt" Third Party Defendants released him from a Nineteen Thousand Dollar ($19,000.00) debt to them.

10. Plaintiff TRC agreed to Quitclaim Three Hundred (300) UDIs to Defendant Thomsen and Sheila Thomsen such that those Three Hundred (300) UDIs would not be subject to the Security Deed for the $2.3 million loan to Defendant TRMR.

11. The parties to the Agreement announced to Judge Cornwell that they agreed there would be "no modification or amendment of this Agreement except in writing." The parties agreed in open Court that the Agreement would become effective "today."

12. The Agreement was an "entire Agreement."

13. The parties further agreed that as to the Three Hundred (300) Deeds to Defendant Robert Thomsen and Sheila Thomsen, they would "never to have to pay dues on those Deeds and that they will have no voting rights on those Deeds." Further, Defendant Thomsen agreed he would have "no use rights, no voting rights."

14. All of the parties agreed the Agreement would be effective at the conclusion of the hearing (09/15/08).

Several of the Agreement's provisions were never fulfilled. They included:

1. Defendant TRMR never paid the HAAS debt in the approximate amount of $260,000.00 as agreed, but the Third Party Defendants released Mr. Smith from a $19,000.00 obligation to them.

2. Mr. Smith never paid the $96,000.00 due to Plaintiff TRC.

3. Mr. Smith failed to personally guarantee or execute any promissory note with a face value of $2.3 million as agreed by the parties; and

4. Defendant TRMR filed for bankruptcy in 2008, and Defendants NGMIG and Thomsen, in one capacity or another, paid Defendant TRMR's debt on a monthly basis thereafter until about April of 2014.

5. All amounts due to Plaintiff TRC from Defendant TRMR on the original Note and Security Deed have never been paid in full.

On or about June 3, 2014, after providing notice and publishing notice of the foreclosure in The Clayton Tribune, Plaintiff TRC foreclosed upon 3,873 UDIs and the Resort.

## CONCLUSIONS OF LAW

I. DECLARATORY JUDGMENT

Defendants NGMIG and Thomsen's motion to dismiss or in the alternative motion for summary judgment on Plaintiff TRC's claim for declaratory judgment is DENIED. There exists a controversy over the ownership of the Resort. Specifically, the actual and current controversy concerns Defendant Thomsen's ownership of the 300 UDIs. Plaintiff properly seeks declaration from the Court, pursuant to O.C.G.A. §9-4-2(a), concerning these rights.

II. <u>DEFENDANT NGMIG AND THOMSEN'S PARTITIONING CLAIMS</u>

Plaintiff TRC and Third Party Defendants have filed a motion seeking summary judgment on Defendant NGMIG and Defendant Thomsen's partitioning claims.

Any claim by Defendant NGMIG for partitioning would have been extinguished by Plaintiff TRC's foreclosure of the 1999 deed to secure debt. <u>Rhodes v. Anchor Road Condominium Homeowner's Association</u>, 270 Ga. 139 (1998); <u>Springmont Homeowners' Association, Inc. v. Barber</u>, 221 Ga. App. 713 (1996). Accordingly, Plaintiff TRC and Third Party Defendants' motion for summary judgment as to Defendant NGMIG's claim for partitioning is GRANTED.

Any claim by Defendant Thomsen for partitioning is controlled by the 1994 Covenants which are applicable. See <u>Rhodes</u> and <u>Springmont</u>. The 1994 Covenants expressly prohibit an interest holder from seeking a partitioning. Plaintiff TRC and Third Party Defendants' motion for summary judgment on Defendant Thomsen's partitioning claim is GRANTED.

III. <u>DEFENDANT NGMIG AND DEFENDANT THOMSEN'S FRAUD CLAIM</u>

Plaintiff TRC and Third Party Defendants have filed a motion for summary judgment on Defendant NGMIG and Defendant Thomsen's fraud claim.

As to the five essential elements of fraud, the Court

has found no evidence indicating Plaintiff TRC and/or Third Party Defendants made any false representations to Defendants. Defendants were not part of the transaction in 1999 between Plaintiff TRC and Defendant TRMR. There is no evidence Plaintiff TRC or Third Party Defendants represented anything to Defendants to cause them to act or refrain from acting. Additionally, the Court agrees with Plaintiff TRC and Third Party Defendants that Defendants continued to occupy and operate the Resort from 2008 through 2014 even though they allege the acts of fraud. Defendants had equal or superior access to any records concerning the Resort and the selling of UDIs. Accordingly, any reliance by Defendants on any alleged misrepresentation by Plaintiff TRC and Third Party Defendants would not have been justified.

Plaintiff TRC and Third Party Defendants' motion for summary judgment as to fraud is GRANTED.

IV. **DEFENDANT NGMIG AND DEFENDANT THOMSEN'S NEGLIGENT MISREPRESENTATION CLAIM**

Plaintiff TRC and Third Party Defendants Jacksons have filed a motion for summary judgment on Defendant NGMIG and Defendant Thomsen's negligent misrepresentation claim. The Court refers to the reasoning above concerning the fraud claim particularly that portion concerning no evidence of misrepresentations from Plaintiff or Third Party Defendants to Defendants. Additionally, the Court emphasis that neither

Plaintiff TRC nor Third Party Defendants owed any legal duty to Defendants. The transaction in 1999 involved Plaintiff TRC and Defendant TRMR.

Plaintiff TRC and Third Party Defendants' motion for summary judgment as to negligent misrepresentation is GRANTED.

V. BREACH OF CONTRACT

The parties (Plaintiff TRC, Third Party Defendants and Defendant Thomsen) have filed cross motions for summary judgment on Defendant Thomsen's breach of contract claim. The Court finds and concludes that the 2004 Settlement Agreement created a contract between Plaintiff TRC, Third Party Defendants and Defendant Thomsen such that Defendant Thomsen was to receive, via a deed from Defendant TRMR 300 UDIs which were not subject to foreclosure. Plaintiff TRC and Third Party Defendants were to quitclaim any interest in Defendant Thomsen's 300 UDIs. The 2014 foreclosure did not concern the 300 UDIs transferred to Defendant Thomsen from Defendant TRMR.

Accordingly, Defendant Thomsen's motion for summary judgment on his claim for breach of contract is DENIED. However, issues of material fact remain as to what effect the foreclosure had on Defendant Thomsen's 300 UDIs. Plaintiff TRC and Third Party Defendants' motion for summary judgment on the breach of contract claim is DENIED.

As to the issue of whether collateral estoppel applies such that Defendant NGMIG would, for purposes of this action, be the "Declarant" under the 1999 Covenants, this Court agrees with Plaintiff TRC and Third Party Defendants. The issues and events existing in 2004-2006 are materially different than those existing in this case. Namely, the 2004-2006 case involved the Georgia Department of Transportation and the condemnation of right-of-way property and the impact on business interest. This case concerns the foreclosure of a first priority security deed which predated the 1999 Covenants. Accordingly, this Court finds and concludes that the doctrine of collateral estoppel does not apply to the issues in the case at bar concerning the issues of the Declarant.

VI.   QUANTUM MERUIT

Plaintiff TRC and Third Party Defendants have filed a motion seeking summary judgment on Defendant NGIG and Defendant Thomsen's quantum meruit claim. As there is no evidence that Defendants had any expectation of getting paid by Plaintiff and Third Party Defendants at the time of any improvements to the Resort, the motion is GRANTED. Lane Supply, Inc. V. Witt Ferguson & Sons, Inc. 286 Ga. App. 512 (2007).

VII.  UNJUST ENRICHMENT

Plaintiff TRC and Third Party Defendants have filed a motion seeking summary judgment on Defendant NGMIG and Defendant Thomsen's unjust enrichment claim.

Defendants claim Plaintiff and Third Party Defendants have been unjustly enriched by the numerous payments and improvements Defendants made toward the Resort. However, there is no evidence that Plaintiff or Third Party Defendants ever contracted with Defendants for these payments or improvements and therefore Plaintiff and Third Party Defendants owed no duty to Defendants. Additionally, Plaintiff and Third Party Defendants were always in the position as a secured lender. Therefore, their receipt of any benefit cannot be unjust because the benefit was received through the exercise of the right to foreclose. First Bank of Georgia v. Robertson Grading, Inc., 328 Ga. App. 236 (2014).

Plaintiff TRC and Third Party Defendants Jacksons' motion for summary judgment on Defendants' unjust enrichment claim is GRANTED.

VIII. SPECIFIC PERFORMANCE

Plaintiff TRC and Third party Defendants have filed a motion for summary judgment seeking summary judgment on each of Defendants' respective claims for specific performance. Defendant Thomsen seeks to have this Court order Plaintiff and Third Party Defendants to specifically perform under the 2004

Agreement. The Court finds that the evidence shows the Agreement was effective the day it was announced in Court. Defendant Thomsen's claim for specific performance is barred by the seven year Statute of Limitations. <u>Jones v. Citizens Southern National Bank,</u> 231 Ga. 765 (1974). Plaintiff and Third Party Defendants' motion for summary judgment as to Defendant Thomsen's claim for specific performance is GRANTED.

Concerning Defendant NGMIG's claim for specific performance which seeks to have Plaintiff and Third Party Defendants convey UDIs commensurate with the payments made and work performed, there is no evidence of any contractual relationship or any agreement between the parties.

Plaintiff and Third Party Defendants motion for summary judgment on Defendant NGMIG's claim for specific performance is GRANTED.

IX.   <u>CONVERSION</u>

Plaintiff TRC and Third Party Defendants have filed a motion for summary judgment on Defendants NGMIG and Thomsen's claims for conversion.

Concerning the claims for conversion of personal property there is no evidence that Defendants took reasonable steps to protect any personal property. The first time conversion was alleged was almost two years after the dispossessory was filed.

As to Defendant's claims for conversion of the "trailers" or "River Cabins", there is no evidence of ownership (e.g. tag, title or registration). Additionally, any item that became a fixture passed with title to the property in the foreclosure.

Concerning Defendants' claims for amounts allegedly due Defendant NGMIG under any declarant's rights, Defendant was divested of any of those rights with the foreclosure by Plaintiff TRC.

Finally, Defendants do not have standing to assert conversion claims on behalf of the other UDI holders, members, or tenants in possession because they do not have title to those instruments.

Plaintiff and Third Party Defendants' motion for summary judgment as to Defendant NGMI and Thomsen's conversion claims are GRANTED.

### X. WRONGFUL FORECLOSURE

Plaintiff TRC and Third Party Defendants have filed a motion seeking summary judgment on Defendant NGMIG and Defendant Thomsen's claims for wrongful foreclosure. Defendants Thomsen and NGMIG seek summary judgment on their wrongful foreclosure claim. Plaintiff TRC and Third Party Defendants' motion is GRANTED, and Defendants' motion is DENIED because Defendants lacked any cognizable legal interest in the property

at the time of the foreclosure, <u>Gregorakos v. Wells Fargo, N.A.</u>, 285 Ga. App. 744 (2007).

SO ORDERED, this 19<u>th</u> day of July, 2017.

                                      HON. B. CHAN CAUDELL
                                      Chief Judge, Superior Court
                                      Mountain Judicial Circuit

Original filed with Holley Henry Perry, Clerk of Court
c:    Matthew D. Skilling, Counsel for Plaintiff and Third-Party Defendants
     Robert S. Huestis, Counsel for Defendants